a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KEVIN ARWIN HOUSTON, Petitioner | CIVIL ACTION NO. 1:17-CV-759-P |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Kevin Arwin Houston (#25012-077) ("Houston"). Houston is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Houston challenges the computation of his sentence by the BOP.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Houston was convicted of murder in Dallas County, and was sentenced to a term of life imprisonment. See Houston v. State, No. 05-93-00344-CR, 1994 WL 95245 (Tex. App. Mar. 21, 1994). Subsequently, Houston was temporarily transferred to federal custody via a writ of habeas corpus ad prosequendum. (Doc. 1-3, p. 2). Houston was convicted by a jury in the Northern District of Texas of racketeering in connection with a robbery and use of a firearm during a crime of violence. Houston

was sentenced to 78 months and 60 months of imprisonment, to be served consecutively. Houston v. United States, No. CIV.A. 393CR277H, 2002 WL 31422975 (N.D. Tex. Sept. 27, 2002). Houston was returned to state custody following the federal proceedings.

In 2002, Houston filed a motion to run his federal sentence concurrently with the undischarged state sentence "so that his federal sentence may be discharged and he may be released from custody if and when he is granted parole by the Texas Board of Pardons and Paroles." (3:93-cr-0277 N.D. Tex., Doc. 131). The motion was denied. (3:93-cr-0277 N.D. Tex., Doc. 139).

On May 19, 2016, Houston satisfied his state sentence and was transferred to federal authorities. His federal sentence commenced that day. (Doc. 1-3, pp. 2-3).

Houston now asks that his 78-month sentence run concurrently with his state sentence, from the date the federal sentence was imposed.

II.  Law and Analysis

The authority to grant or deny credit for time served, or a *nunc pro tunc* designation, is specifically reserved to the U.S. Attorney General, who has delegated that responsibility to the BOP. See U.S. v. Wilson, 503 U.S. 329 (1992). The district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a § 2241 petition. See Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2010).

When a federal judgment is silent with respect to whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively

unless the court specifically orders that they run concurrently. See 18 U.S.C. § 3584(a); U.S. v. Jack, 566 Fed. Appx. 331, 332 (5th Cir. 2014); Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003). At the time of Houston's sentencing, the federal court did not order that the federal sentence run concurrently with the state sentence. Because the judgment was silent, the sentences are presumed to run consecutively. In this case, the intent of the sentencing court is clear, as the court denied Houston's request for a concurrent sentence. (3:93-cr-0277 N.D. Tex., Doc. 139).

Title 18 U.S.C. § 3585(b) prohibits the application of any time toward a federal sentence that has been credited against another sentence. The time from the date of Houston's arrest—November 24, 1992—through the date he completed his state sentence—May 19, 2016—was credited against Houston's state sentence, so it cannot be credited against Houston's federal sentence. (Doc. 1-3, pp. 2-3). The BOP credited Houston for one day—November 14, 1992—as that is the only day Houston was in official detention that was not applied to his state sentence. (Doc. 1-3, p. 3).

### III. Conclusion

Based on the petition, exhibits, and the record from Houston's criminal case, it is clear that Houston received all the credit to which he is entitled. Therefore, IT IS RECOMMENDED that Houston's § 2241 petition be DENIED and DISMISSED, with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with

the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __5th__ day of July, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge